{¶ 32} While I agree with the majority's conclusion that the trial court improperly issued a nunc pro tunc order amending its original judgment entry, I disagree with the manner in which the case was resolved. The majority explains on remand of Marks I the trial court was free to set a hearing if the trial court did not originally consider the requisite factors. The majority then explains, if the trial court did originally consider the factors and their exclusion from the original judgment entry was a mere oversight, the trial court was free to simply modify the order to include those original considerations without holding a hearing. The majority continues, "We do not and cannot presume, as Appellant does, that the factors were not considered at all, necessitating a new sentencing hearing."
 {¶ 33} With this language, the majority seems to suggest R.C.2953.08(G)(1) requires merely that, on remand, a trial court need only fill in the language that was initially, and presumably by "mere oversight", omitted from the record. The majority's interpretation of R.C. 2953.08(G)(1) however completely ignores both our original holding in Marks I and R.C. 2929.19.
 {¶ 34} As this very court so aptly stated in Marks I, since the enactment of S.B. 2, we can no longer presume from a silent record that a trial court considered the appropriate sentencing factors. This court then concluded in Marks I,
 {¶ 35} "As previously mentioned, R.C. 2953.08(G)(1) requires us toremand the case for resentencing if the record fails to show that the trial court considered the factors in R.C. § 2929.13(B). Because there is neither a general statement in the record that the trial court considered the factors in R.C. 2929.13(B), nor any indication that the court considered any particular factor, we must remand this case forresentencing." (Emphasis added)
 {¶ 36} Significantly, we did not remand this case so that the trial court could simply replace the omitted language, nor did we leave "to the trial court's discretion the manner in which such a goal was to be ultimately accomplished," as the majority suggests. We clearly remanded this case for resentencing. If the majority feels a remand for resentencing entails only a mere rubber-stamping of an appropriately filled out judgment and nothing more, I simply cannot agree. To do so would not only detract from the importance of S.B. 2, it would be in violation of R.C. 2929.19 which states:
 {¶ 37} "The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remandedpursuant to section 2953.07 or 2953.08 of the Revised Code." (Emphasis added.)
 {¶ 38} Although, R.C. 2919.19 states a trial court shall hold a hearing before resentencing such an offender, I would find a trial court's failure to conduct a hearing in the presence of the defendant, which admittedly would be error, does not warrant an automatic reversal. As the Ohio State Supreme Court held in State v. White, (Ohio 1998)82 Ohio St.3d 16, 693 N.E.2d 772, a defendant's fundamental right to be present at all critical stages of criminal trial is not absolute.
 {¶ 39} The United States Supreme Court reached a similar conclusion in Rushen v. Spain (1983), 464 U.S. 114, 104 S.Ct. 453,78 L.Ed.2d 267. In Rushen, a juror had two ex parte communications with the trial court regarding whether or not the fact that a witness had murdered her childhood friend would impact her ability to render an impartial verdict. The defendant claimed the ex parte communications violated his right to be present at all critical stages of the proceedings. The Ninth Circuit found that an unrecorded ex parte communication between trial judge and juror can never be harmless error. The United States Supreme Court "emphatically" disagreed. Id. at 117.
 {¶ 40} The Court opined:
 {¶ 41} "Our cases recognize that the right to personal presence at all critical stages of the trial and the right to counsel are fundamental rights of each criminal defendant. `At the same time and without detracting from the fundamental importance of [these rights], we have implicitly recognized the necessity for preserving society's interest in the administration of criminal justice. Cases involving [such constitutional] deprivations are [therefore] subject to the general rule that remedies should be tailored to the injury suffered and should not unnecessarily infringe on competing interests.' United States v.Morrison, 449 U.S. 361, 364 (1981); see also Rogers v. United States,422 U.S. 35, 38-40 (1975)." Id. at 118, (footnotes omitted).
 {¶ 42} The Court went on to apply a harmless error analysis to the alleged misconduct. Similarly, in Kentucky v. Stincer (1987), 482 U.S. 730,107 S.Ct. 2658, 96 L.Ed.2d 631, the United States Supreme Court held that the privilege of presence is not guaranteed when "presence would be useless, or the benefit but a shadow." Id. at 745, citing Snyder v.Massachusetts (1934), 291 U.S. 97, 106-107. However, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure. Id.
 {¶ 43} This court followed that same line of reasoning in Statev. Callahan (Mar. 22, 2000), 7th Dist. No. 97 CA 224. In Callahan, we held with respect to a Crim.R. 43 violation involving the defendant's right to be present during the reading and answering of jury questions:
 {¶ 44} "While a defendant does enjoy this right under certain circumstances, it is by no means absolute. State v. Meade (1997),80 Ohio St.3d 419, 421. Every instance in which a defendant is absent from the proceedings does not give rise to the reversal of an otherwise valid conviction. State v. White (1998), 82 Ohio St.3d 16, 26 citingState v. Williams (1983), 6 Ohio St.3d 281, 286. In order to warrant reversal, a defendant must illustrate that prejudice resulted due to the fact that he was not present. Prejudice under this type of circumstance can only be exhibited by a showing that a fair and just hearing was thwarted by defendant's absence. White, supra citing Snyder v.Massachusetts (1934), 291 U.S. 97, 108. See, also, State v. Schiebel
(1990), 55 Ohio St.3d 71, 92. Similarly, a defendant must show that his absence bore a reasonably substantial relationship to his opportunity to defend. State v. Spivey (Feb. 11, 1998), Mahoning App. No. 89-CA-172, unreported at 7 citing State v. Williams (1969), 19 Ohio App.2d 234, 241." Id. at 4.
 {¶ 45} Because Marks has failed to show he was prejudiced in any way by the conduct of the trial court, I would not reverse his conviction based upon the trial court's failure to conduct a sentencing hearing in his presence. However, I would not go so far as the majority and say the decision to hold a sentencing hearing on remand is within the discretion of the trial court. Pursuant to R.C. 2929.19, the trial court shall hold a hearing. Therefore, I would limit the holding in this case to its particular facts so as not to encourage trial courts to circumvent the mandates of R.C. 2929.19. I would conclude the trial court did not act within the bounds of our directive and erred by not conducting a hearing. As previously stated, however, the error did not result in prejudice. Therefore, I would affirm the decision of the trial court on other grounds.